**CHAI FUN TSU, An Deung Li, Jin Bao Li, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General, Respondents.**

Nos. 05–1610–ag (L), 05–1612–ag (CON).

United States Court of Appeals, Second Circuit.

April 21, 2006.

David X. Feng, New York, New York, for Petitioner.

Charles W. Larson, Sr., United States Attorney for the District of Iowa, Stephanie J. Wright, Assistant United States Attorney, Cedar Rapids, Iowa, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Chai Fun Tsu and her husband, Jin Bao Li, and son, An Deung Li, petition for review of a BIA decision affirming Immigration Judge ("IJ") Sandy K. Hom's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). "[T]hat the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

Here, substantial evidence supports the IJ's adverse credibility finding. Tsu's 2003 testimony directly conflicted with her 1995 testimony as to whether she was arrested and taken to the hospital for an IUD insertion, an inconsistency that "went to the heart of [her] asylum claim." *Ramsameachire*, 357 F.3d at 182.

Having upheld the IJ's adverse credibility determination, we need not reach the alternative determination that Tsu's testimony, if credited, was insufficient to estab-

lish eligibility for the relief sought. We lack jurisdiction over Tsu's CAT claim because she did not challenge the denial of that claim before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006).

Accordingly, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).